UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAKESHA L. RIVERS, ) | Case No. CV 13-05972 AN |
| Plaintiff, ) | MEMORANDUM AND ORDER |
| v. ) | |
| CAROLYN W. COLVIN, ACTING ) COMMISSIONER OF THE SOCIAL ) SECURITY ADMINISTRATION, ) | |
| Defendant. ) | |

    Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising one disputed issue. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

    Plaintiff contends that the Administrative Law Judge ("ALJ") erred in relying on vocational expert ("VE") testimony to find Plaintiff was capable of performing her past relevant work because the ALJ concluded that Plaintiff was limited to only occasional overhead reaching. (JS 4-13, 18-19.) The ALJ's conclusion was based upon his finding that Plaintiff has the residual functional capacity ("RFC") to perform light work, is capable of frequent stooping, crouching, kneeling, climbing stairs, handling and

fingering, and reaching below shoulder level, but must not be required to do more than occasional pushing, pulling, reaching overhead, or crawling. (AR 29); *see* 20 C.F.R. § 404.1567(b). Plaintiff does not challenge the ALJ's RFC assessment.

An ALJ may rely upon the testimony of a VE in making a step four determination regarding a claimant's ability to perform past relevant work. *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (VE's testimony useful at step four, but not required). But an ALJ may not rely on expert testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the Dictionary of Occupational Titles ("DOT"). *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *see also* Social Security Ruling ("SSR") 00-4p (when a VE offers evidence about the requirements of a particular job, the ALJ has an affirmative duty to ask whether the VE's testimony conflicts with the DOT). The failure to inquire about an inconsistency with the DOT may be considered harmless if there is no conflict or if the VE's testimony provides sufficient support to justify any potential conflict. *Massachi*, 486 F.3d at 1154 n. 19 (failure to follow SSR 00-4p would have been harmless if there had been no conflict between the opinion and DOT) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). "In order for an ALJ to accept [VE] testimony that contradicts the [DOT], the record must contain 'persuasive evidence to support the deviation.'" *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quoting *Johnson*, 60 F.3d at 1435).

At Plaintiff's administrative hearing, the VE testified that Plaintiff's past work could be described as eligibility clerk and processing clerk. (AR 69.) The VE stated that these jobs were sedentary and skilled, with a specific vocational preparation ("SVP") level 6. (AR 35, 69.) When asked whether a hypothetical person with Plaintiff's vocational profile and RFC would be capable of performing Plaintiff's past work, the VE testified that the person would be able to perform both of Plaintiff's former jobs. (AR 70-71.) After discussing the VE's testimony in the decision, the ALJ concluded that Plaintiff was capable of performing her past jobs of eligibility clerk and processing clerk, as those jobs are generally performed. (AR 35.) Although neither the VE nor the ALJ assigned

1 specific DOT job codes for Plaintiff's past work, Plaintiff asserts that her work as an
2 eligibility clerk corresponds with the job classification of Eligibility Worker, DOT
3 195.267-010, which is sedentary, SVP 6, and requires frequent (1/3 to 2/3 of the time)
4 reaching. (JS 11, Ex. 1.) Plaintiff asserts that her past work as a processing clerk
5 corresponds with the job classification of Credit Card Control Clerk, DOT 249.367-026,
6 which is sedentary, SVP 3, and requires constant (2/3 to more of the time) reaching. (JS
7 11, Ex.1.) The Commissioner does not dispute these DOT code designations. (JS 16.)

8 The DOT does not distinguish between overhead reaching and other kinds of
9 reaching. Consequently, Plaintiff correctly asserts that there appears to be a conflict
10 between Plaintiff's restriction to occasional overhead reaching, and the frequent and
11 constant reaching requirements of the Eligibility Worker and Credit Card Control Clerk
12 positions. (JS 11-13); *see* SSR 85-15 (defining reaching as "extending the hands and arms
13 in any direction"); *see also Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006);
14 *Mkhitaryan v. Astrue*, No. CV 09-6971-SH, 2010 WL 1752162, at *3 (C.D. Cal. Apr. 27,
15 2010). The ALJ, however, never asked the VE whether his testimony was consistent with
16 the skills for the positions identified, as set forth in the DOT. (JS 13.) The VE did not
17 acknowledge a possible conflict or offer an explanation to justify a deviation from the
18 DOT. As a result, there is no way to reconcile the apparent inconsistency between the
19 reaching demands of Plaintiff's past work and Plaintiff's limitation to occasional
20 overhead reaching. Thus, remand for further proceedings is appropriate.[1] *See Massachi*,
21 486 F.3d at 1153-54.

22 The Commissioner contends that there is no actual conflict between the DOT and
23 Plaintiff's RFC as to the Eligibility Worker position. (JS 16.) The Commissioner argues

---

[1] The record is unclear as to whether the VE and the ALJ found Plaintiff's past work corresponded with the jobs of Eligibility Worker and Credit Card Control Clerk. The Court notes that the VE and the ALJ described Plaintiff's former work as a processing clerk as SVP 6, but the DOT classifies the Credit Card Control Clerk position as SVP 3. (AR 35, 69); DOT 249.367-026. Thus, the Credit Card Control Clerk position may not correspond to Plaintiff's past job of processing clerk. On remand, the ALJ should clarify the DOT codes that apply to Plaintiff's past work.

1  that because the DOT description for Eligibility Worker does not specify that any
2  overhead reaching is required, Plaintiff's RFC, which allows for occasional overhead
3  reaching, along with frequent handling, fingering, and reaching below shoulder level, is
4  consistent with that job's requirement of frequent reaching. (JS 15-17 (citing *Harvey v.*
5  *Astrue*, No. 09-02038, 2010 WL 2836817, at *14 (N.D. Cal. Jul. 16, 2010) (holding that
6  VE testimony about whether certain jobs permitted an option to sit or stand did not
7  conflict with the DOT, which did not address the subject)).) The Commissioner's
8  argument is not persuasive. As discussed, it is appears that the demands of the Eligibility
9  Worker position appear to be inconsistent with Plaintiff's limitation to occasional
10 overhead reaching. *See* SSR 85-15; *see also Mkhitaryan*, 2010 WL 1752162, at *3. Thus,
11 there was a potential conflict that the ALJ should have identified and attempted to resolve
12 with the VE's assistance. *See Massachi*, 486 F.3d at 1153 n. 13 (citing *Prochaska*, 454
13 F.3d at 736 ("It is not clear to us whether the DOT's requirements include reaching above
14 shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved
15 with the expert's help.")); *see also Samsaguan v. Colvin*, No. EDCV 12-2219-DFM, 2014
16 WL 218419, at *3 (N.D. Cal. Jul. 16, 2010) (remanding for additional proceedings where
17 DOT listing does not distinguish between overhead reaching and other kinds of reaching
18 and the plaintiff was limited to occasional reaching above the shoulder level); *see also*
19 *Silvera v. Astrue*, No. CV 09-1935 JC, 2010 WL 3001619, at *3 (C.D. Cal. July 29, 2010)
20 (remanding for further proceedings where the DOT made no distinction between
21 overhead reaching and other types of reaching, there was no indication the VE or the ALJ
22 were aware of the potential conflict, and the ALJ's decision provides no explanation for
23 resolving the conflict). As such, it cannot be determined whether substantial evidence
24 supports the ALJ's finding that Plaintiff is able to perform her past relevant work.
25      Accordingly, remand is warranted on Issue #1.
26 ///
27 ///
28

**ORDER**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds a remand is appropriate because there are unresolved issues that, when properly resolved, may ultimately still lead to a not disabled finding. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (internal quotation marks and citation omitted). Accordingly, the present case is remanded for further proceedings consistent with this Memorandum and Order.

IT IS THEREFORE ORDERED that a judgment be entered reversing the Commissioner's final decision and remanding the case so the ALJ may make further findings consistent with this Memorandum and Order.

DATED: August 4, 2014

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE